**SUN LIN JIANG, aka Sheng Kun Chen, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 07–3733–ag.

United States Court of Appeals, Second Circuit.

April 11, 2008.

Robert J. Adinolfi, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Ethan B. Kanter, Senior Litigation Counsel; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Sun Lin Jiang, a native and citizen of the People's Republic of China, seeks review of the August 10, 2007 order of the BIA denying his motion to reopen and to file a successive asylum application. *In re Sun Lin Jiang*, No. A70 077 785 (B.I.A. Aug. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

As an initial matter, we deem abandoned any challenge to the agency's denial of Jiang's motion to file a successive asylum application, as he has failed to raise that claim in his brief to this Court. *See Yueq-*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**72**

*ing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Moreover, we conclude that the BIA did not abuse its discretion in denying Jiang's motion to reopen. As the BIA noted, this motion was untimely because the agency issued a final order in July 1992, and Jiang did not file his motion to reopen until July 2006, well beyond the 90-day deadline. *See* 8 C.F.R. § 1003.2(c)(2). The BIA properly found that Jiang's motion did not qualify for the changed circumstances exception to the time limitation applicable to motions to reopen and Jiang fails to raise a material challenge to this finding in his brief to this Court. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Instead, Jiang's brief to this Court argues that the BIA abused its discretion by failing to consider the documents at issue in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). However, it is undisputed that Jiang did not submit these documents to the Immigration Judge with his motion to reopen, or on appeal to the BIA. Thus, the BIA did not abuse its discretion by failing to consider documents that were never properly part of the administrative record. *See* 8 C.F.R. § 1003.1(d)(iv).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.